HENRY RANDELL, TRUSTEE, ETC., APPELLANT, v. THEODORE VON ELLERT AND OTHERS, RESPONDENTS.

*Sale under execution, or pursuant to judgment — interest conveyed — how stated in deed — Code, § 1244.*

Under section 1244 of the Code of Civil Procedure — requiring a conveyance of property sold by virtue of an execution, or pursuant to a judgment, to state distinctly in the granting clause thereof whose right, title or interest was sold and is conveyed — the referee, at a sale under a judgment of foreclosure, should ascertain from the judgment the time when the mortgage was recorded, and state in the deed that the interest sold and conveyed is the same as the mortgagor had in the land at that time. (BRADY, J., dissenting.)

APPEAL by plaintiff as purchaser, in this and two other causes, from orders denying motions made to require the referee to state in the deeds, executed by him pursuant to foreclosure sales, whose right, title and interest in the property affected was sold.

*Robert Benner,* for the appellant.

*John J. Thomasson,* referee in person.

DANIELS, J.:

The orders were made relieving the referee from the obligation of stating in his deeds whose title and interest in the land had been sold by him, because in the language contained in them it seemed impossible for the referee to give such deeds as the law required, and also comply with the new provision contained upon this subject in the Code of Civil Procedure. Why this impossibility should be supposed to exist seems to be no farther indicated than it can be gathered from the provisions of the preceding statute, declaring the effect which the deed should have that might be executed pursuant to a sale of property under a judgment in a foreclosure case. Under these provisions it was declared that the deed should have the same effect, and vest in the purchaser the same estate, as would have been acquired by the foreclosure of the equity of redemption, and should be as valid as though executed

by the mortgagor and mortgagee of the property, and should be an entire bar against each of them, and all the parties to the suit in which the decree should be made, and their heirs and all claiming under such heirs. (3 R. S. [5th ed.], 273, § 88.) And there seems to be nothing contained in these provisions creating the least inability to comply with what has since been required to be observed in the judicial sale of real estate.

The fact that the deed upon a foreclosure sale shall be attended with this effect, cannot disable the officer making the sale from also stating in it whose right, title and interest in the property has, in fact, been sold by him. Both provisions and all the require-ments made by each of them are entirely consistent, and may be wholly as well as conveniently observed.

But if they could not be, that would not result in the nullity of the last provision enacted. That is never the effect of incon-sistent legislation.

But the last enactment made is observed and executed, while that preceding it is regarded as repealed. The last expressed intention of the legislature is always the one to be enforced when it conflicts with others previously declared. For that reason, if the statutes could not both be enforced, the provision made by the Code would be the one that, at the present time would be obli-gatory. But, in fact, there is no conflict whatever in the laws upon this subject. The preceding statute requires nothing to be stated in the deed upon the foreclosure sale, inconsistent with this provision of the Code. And the declaration of the effect of the deed in no way prevents a statement from being made, showing whose right, title and interest has been sold. In effect that would be the title of the mortgagor at the time of the execution and recording of the mortgage, when no different adjudication has been made by the judgment. And no difficulty can stand in the way of making such a statement in the deed. The object of the new enactment is entirely apparent. It was to preserve the sym-metry of the recorded title, and dispense with the necessity of looking through the judgment record in order to ascertain the interest that has been sold under it.

The enactment made by the Code of Civil Procedure is plain and peremptory. And it was made in terms so broad as clearly to evince

the design to include all foreclosure cases. Its language is, that " a conveyance of property sold by virtue of an execution, or sold pursuant to a judgment, must distinctly state in the granting clause thereof, whose right, title or interest, was sold, and is conveyed, without naming in that clause, any of the other parties to the action," etc. (Code of Civil Procedure, § 1244.) And it includes all conveyances of property sold, either by virtue of an execution or judgment.

It is so clear, that construction is not required for the purpose of rendering it perspicuous. There would seem to be no difficulty whatever in the way of the referee, which could prevent him from ascertaining by the judgment the time when the mortgage was recorded in each one of these cases, and if the judgment has been regularly obtained, in stating in the deed that the interest sold and conveyed is the same as the mortgagor had in the land at that time. It may require greater attention than has previously been necessary in these cases, but because it does, the court cannot dispense with the observance of what the legislature has so plainly required.

The enactment is, that the deed must distinctly state the fact, and while it continues in force the officer making such a conveyance cannot be relieved from its observance. The order made in this and the other two cases, should be reversed, and an order entered requiring the referee to comply with the direction which has been given upon this subject.

Davis, P. J., concurred.

Brady, J.:

I do not discover points on the part of the defendants or any of them. The controversy seems to be between the referee and the purchaser, the plantiff.

The section of the Code considered is very broad and leaves perhaps little room for doubt, but its application must depend upon the decree. The deed should follow that and the referee should not be required to determine whose interest was sold. If the decree is general so should be the deed and if any other rule be adopted it should rest upon the decree, which should be required

to state the interest in detail. The decree not being before us, I assume the order made was right.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, order entered requiring referee to comply with direction given on the subject.